MARTIN E. ROSEN (SBN 108998)
mrosen@hinshawlaw.com
OPHIR JOHNA (SBN 228193)
ojohna@hinshawlaw.com
Hinshaw & Culbertson LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
Telephone: 213-680-2800
Facsimile: 213-614-7399

Attorneys for Defendant
The Northwestern Mutual Life
Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIR PIROUZIAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CHILDREN SPECIALISTS OF SAN DIEGO, a business entity of unknown organization; NORTHWESTERN MUTUAL INSURANCE COMPANY, a business entity of unknown organization; and DOES 2 to 100, inclusive,<br><br>Defendants. | Case No. 2:19-cv-5664<br><br>**DEFENDANT THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL**<br><br>[Filed concurrently with Declarations of Emma Sanders, Dan Djukic, and Walter Borden]<br><br>Complaint Filed: March 6, 2019 |

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

NOTICE OF REMOVAL
303937470v1 1020915

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT defendant The Northwestern Mutual Life Insurance Company ("Northwestern"), erroneously sued as "Northwestern Mutual Insurance Company," hereby removes to this Court the action commenced by Plaintiff Amir Pirouzian ("Plaintiff") on March 6, 2019 in the Superior Court of the State of California, County of Los Angeles, entitled *Amir Pirouzian v. Children Specialists of San Diego, et al.*, Case No. 19STCV07795.

## I.
## **TIMELINESS**

1. Northwestern was served with a summons from the state court and a copy of the complaint in this action on May 30, 2019. This removal is therefore timely. *See* 28 U.S.C. §1446(b). True and correct copies of the complaint, summons, and all other documents served on Northwestern in this action are attached as Exhibit "A."

## II.
## **JOINDER**

2. Upon information and belief, defendant Children Specialists of San Diego ("CSSD") was served with the summons and complaint on or about June 4, 2019. CSSD consents to this removal. Other than Northwestern and CSSD, no other non-fictitious defendants were named in the complaint or served with a summons.

///

///

///

INSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

1

NOTICE OF REMOVAL
303937470v1 1020915

## III.

## FEDERAL QUESTION JURISDICTION

3.  Jurisdiction is proper in this Court pursuant to 28 U.S.C. Sections 1331 and 1441(b), in that this action arises under the laws of the United States, namely, the Employee Retirement Income Security Act, 29 U.S.C. Sections 1001 *et seq.* ("ERISA"), and presents a federal question.

4.  The complaint alleges that Plaintiff was formerly employed by CSSD as a licensed medical doctor. Complaint, ¶ 3. The complaint further alleges that Plaintiff was covered by disability insurance issued by Northwestern, that he submitted a claim for disability benefits due to mental and emotional disability, and that he accordingly received disability benefits from Northwestern. *Id.* The complaint alleges that CSSD and Northwestern "wrongfully, mistakenly, or falsely instructed Plaintiff as to how he could receive disability benefits," and later purportedly "changed their position and notified that Plaintiff had received disability benefits when he was not qualified to do so." *Id.* at ¶ 4. The complaint asserts a single cause of action, for declaratory relief, and seeks a judicial declaration concerning the "validity of Plaintiff's disability payments" from Northwestern, whether Plaintiff's "conduct in receiving any of the alleged disability benefits constitutes misconduct of any kind," and the propriety of CSSD's termination of Plaintiff's employment. *Id.* at ¶ 6.

5.  Although the complaint does not specifically identify the disability insurance policies in question, Plaintiff was covered and received benefits under five such policies: (1) Group Short Term Disability Policy number S652850; (2) Group Long Term Disability Insurance Policy number L652850; (3) individual disability income policy number D1515438; (4) individual disability income policy number D1515452; and (5) individual disability income policy number D1602720. *See* Sanders Decl., Exhs. 1-3; Borden Decl., Exhs. 7-10. The foregoing group policies

INSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

2

NOTICE OF REMOVAL
303937470v1 1020915

were issued to Plaintiff's employer, CSSD, and are collectively referred to herein as the "Group Policies." The individual disability policies were issued to Plaintiff and are collectively referred to herein as the "Individual Policies."

6. The existence of an "employee welfare benefit plan" under ERISA is demonstrated by: (1) a "plan, fund, or program," (2) "established or maintained" (3) by "an employer" (3) for the purpose of providing "benefits in the event of . . . disability" (4) to "its participants or their beneficiaries." *See* 29 U.S.C. § 1002(1); *Donovan v. Dillingham*, 688 F.2d 1367, 1371 (11th Cir. 1982); *Kanne v. Connecticut General Life Ins. Co.*, 867 F.2d 489, 492 (9th Cir. 1988); *Pierson v. Continental Cas. Co.*, 2000 WL 1879895 at * 5 (C.D. Cal. 2000). All of these criteria are satisfied here and establish that the Group Policies and the Individual Policies are subject to ERISA.

**The Group Policies**

7. The Group Policies were issued to Plaintiff's employer, CSSD, which is identified as the policyowner. Borden Decl., Exhs. 7-10. The Group Policies state that they cover active physician employees (other than seasonal employees) of CSSD. *Id.* The Group Policies further set forth the terms of coverage, how claims are processed, and how benefits are to be paid under the Group Policies. *Id.*

8. Thus, the statutory criteria of an ERISA plan are met: CSSD (the employer) established and maintained an employee disability plan by purchasing the Group Policies from Northwestern to provide disability benefits for its eligible employees, including Plaintiff. *See* 29 U.S.C. § 1002(1); *Credit Managers Assn. v. Kennesaw Life & Acc. Ins. Co.*, 809 F.2d 617, 625 (9th Cir. 1987) ("An employer . . . can establish an ERISA plan rather easily. Even if an employer does no more than arrange for a 'group-type insurance program,' [for employees] it can establish an ERISA plan...."). Accordingly, the Group Policies constitute an "employee welfare benefit plan" under ERISA, and Plaintiff's claim concerning his entitlement to disability benefits under that plan thus presents a federal question.

3
INSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800
NOTICE OF REMOVAL
303937470v1 1020915

## The Individual Policies

9. Because the Group Policies are governed by ERISA, the Court has federal question jurisdiction over this action irrespective of whether the Individual Policies also are subject to ERISA. *See City of Chicago v. International College of Surgeons*, 522 U.S. 156, 165 (1997); *Zuniga v. Blue Cross & Blue Shield of Michigan*, 52 F.3d 1395, 1399 (6th Cir. 1995); 28 U.S.C. § 1367.

10. Although not required to support this removal, the Individual Policies are subject to ERISA, as well. The Individuals Policies were issued to Plaintiff. Sanders Decl., Exhs. 1-3. However, they were issued in consideration for Plaintiff's employer's (CSSD's) agreement to pay 100% of the premiums for those policies. Djukic Decl., ¶ 6, Exhs. 4-6. The Individual Policies were issued as part of a Multiple Discount Plan, which also included individual policies offered to multiple other CSSD employees. *Id.* All of the individual policies issued as part of that Multiple Discount Plan were assigned the same account number (a Multiple Contract Billing number) and their premiums were billed together to CSSD, which paid the premiums to Northwestern. *Id.* In consideration for this arrangement, Northwestern provided a discounted premium rate for the individual policies, including Plaintiff's Individual Policies. *Id.* Furthermore, in connection with its participation in the above-described Multiple Discount Plan, CSSD signed an "Employee Benefit Plan Statement of Disclosure, Acknowledgment, and Approval," which provided, in part: "This statement is designed to comply with all requirements of the Employee Retirement Income Security Act of 1974 (ERISA) for disclosure, acknowledgment and approval in connection with the sale of INSURANCE OR ANNUITY CONTRACTS to employee benefit plans." Djukic Decl., Exhs. 4-6.

11. The Individual Policies meet the statutory criteria for an ERISA-governed employee welfare benefit plan. <u>Criterion No. 1</u>: "A 'plan, fund or program' under ERISA implies the existence of intended benefits, intended beneficiaries, a source of financing, and a procedure to apply for and collect

4

INSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

NOTICE OF REMOVAL
303937470v1 1020915

benefits." *Donovan, supra*, 688 F.2d at 1372. An ERISA "plan" or "program" can consist of multiple insurance policies – *including individual insurance policies* – which, taken as a whole, constitute the "plan" or "program." *See Peterson v. American Life & Health Ins. Co.*, 48 F.3d 404, 407 (9th Cir. 1995) (holding that an individual health insurance policy and a group health insurance policy together formed an ERISA plan); *Pierson, supra*, 2000 WL 1879895, at * 5 ("Courts have recognized... that employee welfare benefit plans can be funded through the purchase of individual policies."). Here, the intended benefits are the disability benefits provided by the Individual Policies (as well as the individual disability policies issued to other CSSD employees under the same Multiple Discount Plan). The intended beneficiaries are CSSD's employees, including Plaintiff. The source of funding is CSSD, who paid the premiums for the Individual Policies (as well as for the other employees' policies) directly to Northwestern pursuant to the Multiple Discount Plan. Finally, a "procedure to apply for and collect benefits" under a plan is evidenced by the terms, provisions and procedures of the Individual Policies themselves. Thus, a "plan" or "program" within the meaning of ERISA exists here.

12. <u>Criterion No. 2</u>: An employer "establishes or maintains" an ERISA employee benefit plan by, among other ways, merely arranging for insurance coverage. *See* 29 U.S.C. § 1002(1); *Credit Managers Assn., supra*, 809 F.2d at 625 (an employer can "establish an ERISA plan rather easily …. arranging for a group-type insurance program is sufficient"). Here, CSSD "established or maintained" the plan or program by, among other things, entering into the Multiple Discount Plan and arranging for individual insurance policies that would provide its employees, including Plaintiff, with disability insurance coverage, through a combination policies, as well as processing the payment of premiums for that coverage. Furthermore, *the fact that an employer pays for coverage has been deemed to be sufficient in and of itself to establish an ERISA plan*. *Kennesaw Life, supra*, 809 F.2d at 625 (an employer can establish an employee benefit program merely by

INSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

5

NOTICE OF REMOVAL
303937470v1 1020915

purchasing insurance for its employees).[1] Here, CSSD paid the premiums for the Individual Policies (and for the policies issued to its other employees under the Multiple Discount Plan). Thus, CSSD "established or maintained" the plan or program.

13. <u>Criteria Nos. 3 and 4</u>: The plan, fund, or program must be established or maintained by an "employer or employee organization" (criterion number 3), for the purpose of providing . . . benefits in the event of sickness, accident, disability . . ." (criterion number 4). "The term "employer" means any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan . . . ." 29 U.S.C. § 1002(5). Here, the CSSD was an "employer" that provided a benefit program to its employees. And the Individual Policies provided disability benefits – a type of benefits expressly governed by ERISA. *See* 29 U.S.C. § 1002(1).

14. <u>Criterion No. 5</u>: CSSD's employees, including Plaintiff, are all "participants" and/or "beneficiaries" in the program or plan within the meaning of ERISA. The term "'participant' means any employee or former employee of an employer, or any member or former member of an employee organization, who is or

---

[1] The ERISA statutory scheme contains a "safe harbor" provision, whereby plans are exempted from ERISA if *all* of four specific factors are present. 29 U.S.C. § 2510.3-1(j). The failure to meet even one of the four factors "conclusively determines" the existence of an ERISA plan. *See Pierson, supra*, 2000 WL 1879895 at *9 (citing *Stuart v. UNUM Life Ins. Co. of Am.*, 217 F.3d 1145, 1153 (9th Cir. 2000)); *see also Sarraf v. Standard Ins. Co.*, 102 F.3d 991, 993 (9th Cir. 1996). One of the four factors is the lack of any monetary contribution by the employer. 29 U.S.C. § 2510.3-1(j); *Pierson, supra*, 2000 WL 1879895 at *9. Thus, if the employer makes <u>*any*</u> monetary contribution to the insurance program, the "safe harbor" provision is inapplicable (regardless of whether the other three "safe harbor" factors are met) and this *conclusively establishes* the existence of an ERISA plan. *See Pierson, supra*, 2000 WL 1879895 at *9 (citing *Stuart, supra*, 217 F.3d at 1153); *Sarraf, supra*, 102 F.3d at 993. Accordingly, the CSSD's payment of the premiums for the Individual Policies conclusively establishes the existence of an ERISA plan.

may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). The statute defines "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. §1102(8).

15. As such, the Individual Policies are part of an employer-sponsored "plan, fund or program" within the meaning of ERISA.

16. ERISA provides the exclusive federal remedy for the enforcement of rights and obligations under ERISA plans. *See* 29 U.S.C. § 1132(a)(1)(B). ERISA's preemption clause is liberally and broadly construed. *See Egelhoff v. Egelhoff*, 532 U.S. 141 (2001) (ERISA's preemptive authority sweeps broadly to preclude the application of provisions of state law, statutory or decisional, that would undercut the uniform implementation of ERISA's text or its attendant case law); *P.M. Group Life Ins. v. Western Growers Assur. Trust*, 953 F.2d 543, 545 (9th Cir. 1992) ("ERISA contains one of the broadest preemption clauses ever enacted by Congress.").

17. All state law causes of action that "relate to" ERISA plans are completely preempted and are properly dismissed. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45-46 (1987). A state law "relates to" an employee benefit plan, "in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 97 (1983). Furthermore, because Congress used the phrase "relate to" in its broad sense, the Supreme Court has "emphasized that the preemption clause is not limited to 'state laws specifically designed to affect employee benefit plans.'" *Pilot Life, supra*, 481 U.S. at 47-48; *see also Shaw, supra*, 463 U.S. at 98 (preemption clause should not "be interpreted to pre-empt only state laws dealing with the subject matters covered by ERISA . . . ."). ERISA defines "state laws" broadly to include "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1).

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

7

NOTICE OF REMOVAL
303937470v1 1020915

18. Because the complaint's sole cause of action seeks a declaration with respect to the parties' respective rights and obligations under the Group Policies and the Individual Policies, which are subject to ERISA, this action "relates to" an ERISA plan and accordingly is removable on federal question grounds. *See, e.g., Crull v. GEM Ins. Co.*, 58 F.3d 1386, 1390-91 (9th Cir. 1995); *McBride v. PLM Int'l, Inc.*, 179 F.3d 737, 744-45 (9th Cir. 1999).

DATED: June 28, 2019

HINSHAW & CULBERTSON LLP

By: */s/ Ophir Johna*
MARTIN E. ROSEN
OPHIR JOHNA
Attorneys for Defendant
The Northwestern Mutual Life Insurance Company

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

8

NOTICE OF REMOVAL
303937470v1 1020915